

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Gregg

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2912

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Gregg" (2006). *2006 Decisions.* Paper 1539.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1539

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2912

———

UNITED STATES OF AMERICA

v.

KENNARD GREGG

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00103)
District Judge: Honorable John R. Padova

———

Argued: June 8, 2005
Before: FUENTES, VAN ANTWERPEN, and BECKER, Circuit Judges.

(Filed:  February 28, 2006)

OPINION OF THE COURT

———

Elaine DeMasse
David L. McColgin (Argued)
Maureen Kearney Rowley
Federal Court Division
Defender Association of Philadelphia
Suite 540 West
Curtis Center
Independence Square West

Philadelphia, PA 19106

Attorneys for Appellant

Patrick L. Meehan
Laurie Magid
Robert A. Zauzmer (Argued)
Joseph G. Poluka
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Attorneys for Appellee

FUENTES, Circuit Judge.

The issue presented by this appeal is whether the rule[1] of United States v. Booker, 125 S. Ct. 738 (2005), is applicable to orders of restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.[2] Kennard Gregg twice attempted to sell counterfeit money to a government informant. In the first transaction, the informant paid Gregg $350 in genuine currency in exchange for $1,020 in counterfeit currency; in the second, the informant paid Gregg $500 in genuine currency in exchange for $5,000 in counterfeit currency. After being arrested and charged, Gregg pled guilty to two counts of

_____

[1]The now-familiar holding in Booker is that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756.

[2]The MVRA reads, in relevant part:
> (a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

dealing in counterfeit obligations in violation of 18 U.S.C. § 473. Though the $500 used in the second exchange was recovered, the $350 from the first exchange was never found.

Gregg's Presentence Investigation Report concluded that his total offense level under the U.S. Sentencing Guidelines was 9 and that his criminal history category was 2, subjecting him to 6-12 months of incarceration, supervised release, and a fine of anywhere from $1,000 to $10,000.

In the section entitled "Restitution," the report stated: "Restitution is not an issue in this case." However, at his sentencing hearing, the following exchange occurred:

> Mr. Poluka [Assistant United States Attorney]: . . . . I would add one other thing on maximum penalties. The first undercover deal, Mr. Gregg was paid $350 in currency. That money was obviously taken by him, so that would be a restitution amount at sentencing. And I believe it would be mandatory.
>
> The Court: Thank you. Okay. Do you understand that Mr. Gregg?
>
> Mr. Gregg: Yes.

At no time, however, did Gregg specifically admit that he had received the $350 or that the Government had failed to recover it after his arrest.

Gregg was sentenced to six months in prison and three years of supervised release, and was ordered to pay $350 in restitution to the federal government, pursuant to the MVRA. Gregg has already served his prison term and therefore challenges only the award of restitution, arguing that the manner in which it was imposed violates the Sixth Amendment under Booker. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

In United States v. Leahy, __ F.3d __, 2006 U.S. App. LEXIS 3576, an en banc panel of this Court held that the rule from Booker is inapplicable to orders of restitution under the Victim and Witness Protection Act and the MVRA. Id. at *6-7. Based on that holding, the District Court's ordering Gregg to pay $350 under the MVRA based on facts not found by a jury or admitted by Gregg does not constitute a Sixth Amendment violation under Booker. Having been presented with no other grounds for vacating the sentence, we affirm the District Court's order of restitution in the sum of $350.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Julio M. Fuentes
Circuit Judge